# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2010

## STATE OF TENNESSEE v. MICHAEL C. BENNETT

**Direct Appeal from the Circuit Court for Grainger County**
**No. 4329      O. Duane Slone, Judge**

**No. E2009-02226-CCA-R3-CD - FILED - MAY 5, 2011**

A Grainger County Circuit Court jury convicted the appellant, Michael C. Bennett, of aggravated burglary, a Class C felony, and theft of property valued one thousand dollars or more but less than ten thousand dollars, a Class D felony. After a sentencing hearing, the trial court sentenced him as a Range III, persistent offender to fifteen years for the aggravated burglary conviction and twelve years for the theft conviction. The sentences were to be served concurrently. On appeal, the appellant contends that the trial court's failure to rule on his pretrial motion to prohibit the State from impeaching him with prior convictions pursuant to Rule 609, Tennessee Rules of Evidence, affected his right to a fair trial. The State contends that the issue is waived. Based upon the record and the parties' briefs, we conclude that the appellant waived the issue and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

James L. Deaton, Dandridge, Tennessee, for the appellant, Michael C. Bennett.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James B. Dunn, District Attorney General; and Tonya D. Keith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The appellant does not contest the sufficiency of the evidence. Taken in the light most favorable to the State, the evidence shows that on the afternoon of July 7, 2007, Malvin

Wood was driving with his wife in Grainger County. As they rode by the home of their neighbor, Larry Dills, they noticed a car parked at the home that did not belong to Dills. Mr. Wood stopped and backed up, and they watched the house for three to five minutes. They saw a man and a woman come out of the home, and the man was carrying something. The Woods realized the house was being burglarized. A second man was sitting in the strange car, and Mr. Wood obtained a partial license plate number. The couple left to find Larry Dills, found him at another neighbor's house, and returned with him to his home. Dills discovered that his front door was open; that his back door had been kicked in; and that various items, including a drill, a nail shooter, a sander, a VCR, stereo equipment, a camcorder, knives, and watches, had been taken.

The police began investigating the burglary. At some point, an officer in Union County stopped a van containing items that had been taken from Dills' home. Detective Jesse Jarnigan of the Grainger County Sheriff's Department spoke with Jamie Brown, the van's driver, and Brown implicated the appellant and a woman named Rebecca Miller. Detective Jarnigan put together two photograph arrays, one containing photographs of men, including a photograph of the appellant, and one containing photographs of women, including a photograph of Miller. Mrs. Wood identified the appellant's and Miller's photographs as those of the man and woman she saw coming out of Larry Dills' home. The police obtained arrest warrants for the appellant and Miller. Detective Jarnigan arrested Miller without incident at a KFC restaurant on Magnolia Avenue in Knoxville. Detective Jarnigan saw the appellant walking toward the restaurant, but the appellant ran when he saw the police. Officers arrested the appellant after a foot-chase. The police found more of Dills' property at a pawn shop on Magnolia Avenue. A check of the partial license tag number obtained by Mr. Wood revealed that a car matching the description of the car the Woods had seen at Dills' home was registered to Jamie Brown. However, at the time of the appellant's trial, Brown had not been charged with the crimes, and the police were conducting an ongoing investigation for the third burglar.

The jury convicted the appellant as charged for aggravated burglary, a Class C felony, and theft of property valued one thousand dollars or more but less than ten thousand dollars, a Class D felony. The trial court sentenced the appellant as a Range III, persistent offender to fifteen years for the aggravated burglary conviction and twelve years for the theft conviction. The sentences were to be served concurrently with each other but consecutively to a prior thirteen-year sentence.

## II. Analysis

The appellant contends that the trial court's failure to rule on his pretrial motion to prohibit the State from impeaching him with prior convictions pursuant to Rule 609,

Tennessee Rule of Evidence, affected his right to a fair trial. The State claims that the appellant waived this issue because he failed to request a definitive ruling from the trial court. Based upon the record and the parties' briefs, we conclude that the appellant waived the issue.

Shortly after the grand jury indicted the appellant, the State filed a document, informing the appellant "that pursuant to Rule 609 of the Tennessee Rules of Evidence, that the State will use for impeachment purposes the defendant's prior criminal history provided to you." According to the appellant's brief, he filed a pretrial motion to prohibit the State from cross-examining him about his prior convictions if he testified at trial. The motion is not in the record before us. However, at a pretrial motions hearing, defense counsel stated as follows:

> First of all, we have a motion to suppress his criminal history regarding prior aggravated burglaries. Mr. Bennett has an extensive criminal history and we feel that if he were to testify and the jury of course were to hear of his prior aggravated burglary convictions that would be more prejudicial than it would be probative towards determining his guilt or his innocence so we would ask that the prior criminal history regarding any prior aggravated burglaries be suppressed and not be used to impeach him with.

The State responded that it should be allowed to question the appellant about his prior convictions for theft, robbery, and burglary because they were crimes of dishonesty. The State explained that the trial court would need to hold a jury-out hearing in order to determine whether the State could cross-examine the appellant about the crimes. The trial court said it would hold a hearing during the course of the trial and "rule on that issue at the appropriate time."

At trial, just before the prosecutor gave her opening statement, the trial court asked if the State planned to question the appellant about all of his prior convictions. The following exchange then occurred:

> **[The State]:** No, Your Honor. I've got some case law. Two different cases that say that it's probably not a good idea to put identical crimes. He does have a robbery, and that would be what we would be intending to use against him.
>
> **THE COURT:** The robbery?

**[The State]:** A robbery, it's a crime of dishonesty and it's not similar to or identical enough to this charge that it would cause prejudice.

**[Defense counsel]:** That is the issue as I understand it.

**THE COURT:** What's that?

**[Defense counsel]:** Whether or not it's an identical crime or not. I mean, I may still raise that objection.

. . . .

**[The State]:** The State would only be using the robbery part.

**THE COURT:** So you're saying just the robbery?

**[The State]:** Just the [one] robbery.

. . . .

**THE COURT:** But still you understand I have got to give you permission to do that.

. . . .

**[The State]:** What we intended to do was wait to see if he took the stand and before cross examination ask to approach.

**THE COURT:** Good deal.

After the State's case-in-chief, defense counsel announced that the appellant would not be offering any proof. The jury exited the courtroom, and the trial court held a Momon hearing. During the hearing, the appellant told the court that he had decided not to testify.

Under Rule 609(a), Tennessee Rules of Evidence, the State may use a witness' prior convictions to attack credibility if certain procedures and conditions are satisfied. Generally, the witness must be asked about the conviction on cross-examination, and the crime must be punishable by death or imprisonment of more than one year. Tenn. R. Evid. 609(a)(1), (2).

If not so punishable, then the crime must be one of dishonesty or false statement. Tenn. R. Evid. 609(a)(2). In addition, if the witness is the accused,

> the State must give the accused reasonable written notice of the impeaching conviction before trial, and the court upon request must determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues. The court may rule on the admissibility of such proof prior to the trial but in any event shall rule prior to the testimony of the accused. If the court makes a final determination that such proof is admissible for impeachment purposes, the accused need not actually testify at the trial to later challenge the propriety of the determination.

Turning to the instant case, defense counsel told the trial court before opening statements that he was objecting only to the State's use of the appellant's prior aggravated burglary convictions for impeachment. The State informed the trial court that it had decided to question the appellant about a prior robbery conviction, not the aggravated burglaries. Defense counsel replied, "I may still raise that objection." However, counsel never objected. Rule 609, Tennessee Rule of Evidence, plainly states that once a defendant requests a determination on probative value, the trial court must determine before the defendant testifies whether prior convictions are admissible for impeachment purposes. Therefore, it would have been improper for the trial court to wait until after the appellant's direct testimony to make that determination. In any event, because the appellant failed to object to the State's use of the prior robbery conviction for impeachment, the trial court never needed to determine the conviction's admissibility, and the issue is waived. See Tenn. R. App. P. 36(a); State v. Scott Wyatt, No. M1998-00470-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1305, at *11 (Nashville, Dec. 29, 1999).

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

        _____

        NORMA McGEE OGLE, JUDGE